This is a suit to compel reconveyance of property under a deed obtained by duress. Duress is that degree of constraint or danger either actually inflicted or threatened and impending which is sufficient in severity or in apprehension to overcome the mind of a person of ordinary firmness. Capossa v. Colonna, 95 N.J. Eq. 35; Doscher v. Schroder, 105 N.J. Eq. 315. In Koewing v.West Orange, 89 N.J. Law 539, it is defined to be where one by an unlawful act is constrained under circumstances which deprive him of the exercise of free will to agree or to perform the act sought to be voided.
Complainant's testimony is in substance as follows:
Complainant was indebted to one Kohn, who in turn was indebted to defendant Isadore Margolis. This defendant insisted that complainant pay the debt due to Kohn to him, which complainant did not do, instead of which payment was made to Kohn. *Page 62 
Prior to January 21st, 1941, the date of the deed in suit, a tavern operated by plaintiff had been destroyed by fire. After the payment to Kohn, defendant expressed himself to complainant as being very angry with complainant and told complainant that unless he would deed the property in suit to him as security for the payment of $500, the amount of Kohn's indebtedness to defendant, he, defendant, would notify the insurance company that complainant had set fire to his own premises.
Complainant testified that he was not in anywise guilty of arson, but that he was in financial difficulties because the fire deprived him of his business, and that the charge that he had set fire to his premises would cause the insurance company to refuse payment except after long and expensive litigation. Finally, after a repetition of the threat by defendant to cause trouble with the insurance company, complainant yielded and executed a conveyance to the defendant of the property in suit. The deed was absolute on its face, but defendant executed a contemporaneous agreement providing for a reconveyance upon payment of $500 with the additional provision that if the fire insurance be not collected, a reconveyance should be made without any payment.
Complainant's testimony as to the foregoing facts was uncontradicted by defendant who did not take the witness stand. Defendant did however in his answer, after denying the threat, set up various allegations as to circumstances tending to show that there was an actual indebtedness to him from complainant. He alleged that Kohn had assigned his claim against complainant to the defendant and that complainant had accepted the assignment and agreed to pay the $500 to defendant. No proof was adduced to substantiate this allegation and it is hardly likely that complainant would have paid Kohn when he had acknowledged the assignment and agreed to pay defendant. Not only is complainant's testimony uncontradicted but there is a certain amount of corroboration that the transaction was an irregular one because of the facts surrounding the preparation and execution of the deed in suit, which was neither written out nor executed in the office of defendant's attorney. The strongest corroboration *Page 63 
of complainant's contention is, however, found in the contemporaneous agreement which provides that complainant was to pay defendant the $500 only in case he collected the fire insurance. This provision contains a plain hint that defendant was willing to insert it so as to give him an incentive not to carry out his threat to make the arson charge.
Defendant contends that there was no duress because of the fact that by complainant's testimony, defendant had made the threat a considerable time before the execution of the deed, and that where the person threatened has other remedies or means of relief, there can be no duress. But the present suit is distinguishable from such cases as those in which there was a threat of physical violence where sufficient time had elapsed to enable the person threatened to secure himself against it. It is also true that complainant being or considering himself innocent or able to clear himself of the charge of arson could have ignored the threat and ultimately collected his insurance. He testified that on account of the delay in securing the payment, the trouble, expense and time involved in ultimately clearing himself would do him irreparable harm and that because of these facts he yielded.
I am convinced on the facts shown that the effect upon the complainant was such as to overcome his will and that he has established his claim of duress. A decree will be advised accordingly for the relief prayed for in the bill. *Page 64